## M. D. Watts v. C. E. Bolin.

1. SURETIES—*Death of Principal Maker of Joint Note.*—The statute (Hurd's R. S. 1899, page 1684), providing that when the principal maker of any note, bond, bill or other instrument in writing dies, the holder of ·such note, bond or bill, must present the same to the proper court for probate, does not apply to cases where the estate of such principal maker is insolvent and nothing can be realized from it in due course of administration.

**Assumpsit**, on a promissory note. Appeal from the Circuit Court of Pike County; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the May term, 1899. Affirmed. Opinion filed December 13, 1899.

A. G. CRAWFORD, attorney for appellant.

W. L. COLEY and W. H. CROW, attorneys for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

Appellee, as surviving partner of C. E. Bolin & Co., sued appellant upon a promissory note before a justice of the peace, and the case having been removed by appeal to the Circuit Court, where a jury was waived, the trial by the court resulted in a finding and judgment against appellant for $158.21, to reverse which appellant prosecutes this appeal, assigning various errors, consisting chiefly that the finding is against the evidence and that the court erred in its holdings as to the law in the decision of the case.

On August 20, 1899, Travis Watts and appellant executed and delivered to C. E. Bolin & Co. their promissory note for $197.40, due one day after the date thereof, with interest, which was in renewal of balances due on two former notes, signed by the same parties and White, the latter having previously died. Shortly after this was given Travis Watts died, and C. E. Bolin was duly appointed administrator of his estate. There is some controversy in the evidence concerning the fact whether appellee agreed to procure the

signature of the widow of White to the note, but we think the evidence strongly preponderates against appellant upon this point.    Another contention is that appellant was merely the surety for Travis Watts, and appellee knowing this relation of the parties, and having failed (which he did) to probate the claim against the estate of Travis Watts, as required by the statute in such cases, the appellant is released from the payment of the note to the extent the same might have been collected of the estate if presented in proper time.

The evidence, we think, sufficiently establishes the fact that appellant was surety merely upon the note, and that this fact was known, or which is the same in legal effect, ought to have been known to appellee, and if, by presenting the claim and having it proved and allowed against the estate of Travis Watts, all or any part of it could have been collected of such estate, it was clearly the obligation of appellee to have done so, and a failure in this respect would entitle the appellant to be released from payment of the note in whole, or to the extent that such collection might have been made.

It appears from the evidence that there was not sufficient personal property of the estate to pay the widow's award, and that the real estate, after estimating the homestead right and dower interest of the widow of Travis Watts, was incumbered by mortgages to an extent equal to or more than its value; and the administrator having made report to the County Court of his acts, and the condition of the estate, he was discharged without having paid any part of the claims proved against the estate.    After this, upon the allegation of subsequently discovered assets, an administrator *de bonis non* was appointed, but it does not appear he received, or did anything as such administrator.    Soon after appellee was discharged as administrator, Grimes, who in such business is alleged to have been a partner of appellee, for $100 purchased all the claims, amounting to nearly $500, that had been proved against the estate of Travis Watts, procured executions to be issued upon them,

and under the claim to the right to redeem the real estate purchased by the widow of Travis Watts at the sale under decree of the foreclosure of the mortgages before alluded to, induced the widow to pay those claims to him in full, whereby it is argued by appellant that such act of Grimes was in effect the act of appellee, and such as he was obliged to perform as administrator, and therefore inures to the benefit of the estate, and had appellee presented and proved the note in suit against such estate, it would thus have been paid. We think this position too remote from the real point in issue. The estate was clearly insolvent, and when this appeared appellee was excused from probating the claim, as nothing could be realized in due course of administration, and appellee, as such administrator, was properly discharged by the County Court. The payment by the widow to Grimes, of the claims that had been proved against the estate of her deceased husband, was but a voluntary act on her part, which appellee could in no event have reasonably anticipated, and hence, for such reason, was under no obligation to present his claim for allowance. The propositions of law held and refused by the trial court of which appellant complains are in harmony with our own views and this opinion, and no error occurred in the holdings thereon. The judgment of the Circuit Court will be affirmed. Judgment affirmed.